**FANG MEI LANG, Petitioner,**

v.

**Eric H. HOLDER, Jr., U.S. Attorney General,\* Respondent.**

No. 08–6247–ag.

United States Court of Appeals, Second Circuit.

Aug. 3, 2009.

Sheema Chaudhry, Law Offices of Michael Brown, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General, Jennifer L. Lightbody, Senior Litigation Counsel, Robbin K. Blaya, Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

PRESENT: RALPH K. WINTER, ROBERT A. KATZMANN, DEBRA ANN LIVINGSTON, Circuit Judges.

### *SUMMARY ORDER*

Petitioner Fang Mei Lang, a native and citizen of the People's Republic of China, seeks review of a December 10, 2008 order of the BIA affirming the October 16, 2007 decision of Immigration Judge ("IJ") Helen Sichel, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Fang Mei Lang*, No. A099 540 377 (B.I.A. Dec. 10, 2008), *aff'g* No. A099 540 377 (Immig. Ct. N.Y. City Oct. 16, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir.2008). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Manzur v. U.S. Dep't of Homeland Sec.*, 494 F.3d 281, 289 (2d Cir.2007). For asylum applications governed by the amendments made to the Immigration and Nationality Act by the REAL ID Act of 2005, the agency may, considering the totality of the circumstances, base a credibility finding on an asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *see Matter of J–Y–C–*, 24 I. & N. Dec. 260, 265 (B.I.A.2007).

The agency's adverse credibility determination was supported by substantial evidence. *See Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir.2008). The IJ found numerous internal inconsistencies in Lang's testimony, some of which Lang failed to challenge before the BIA. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

With regard to the arguments that Lang exhausted before the agency, the IJ properly concluded that Lang testified inconsistently as to where she practiced Falun Gong in the United States. First, Lang testified that she only practiced in her apartment; then, she indicated that she practiced in parks, but could not remember the names of those parks; and then, when questioned about a photograph of her practicing Falun Gong, she indicated that she was practicing in her classmate's backyard but could not remember that person's name. Contrary to Lang's argument, the IJ did not find her testimony incredible simply because she could not come up with the name of a city park. Rather, the IJ found Lang's testimony as to her Falun Gong practice inconsistent and implausible. We find no reason to disturb that finding. *See Ying Li v. BCIS*, 529 F.3d 79, 82 (2d Cir.2008); *Xiu Xia Lin*, 534 F.3d at 167.

Moreover, the IJ properly drew an adverse inference as to Lang's credibility where she testified and submitted a document indicating that she had received medical treatment on June 31, 2005, a date that does not exist. Lang's argument that she was not given a chance to explain the discrepancy is without merit as the IJ properly considered and rejected her explanation that the mistake was a clerical error and that she was testifying in accordance with the document. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 336 n. 17 (2d Cir.2006).

While the IJ made other credibility findings that Lang challenges in this Court, she failed to exhaust those arguments be-

fore the BIA. Accordingly, because the unchallenged inconsistency findings remain intact, *see Shunfu Li v. Mukasey*, 529 F.3d 141, 146–47 (2d Cir.2008), and Lang fails to point to anything in the record that would compel a reasonable fact-finder to conclude otherwise, substantial evidence supports the agency's adverse credibility determination. *See Xiu Xia Lin*, 534 F.3d at 167; *Majidi v. Gonzales*, 430 F.3d 77, 80–81 (2d Cir.2005).

Because the only evidence of a threat to Lang's life or freedom depended upon her credibility, the adverse credibility determination in this case necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief to the extent those claims were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir.2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir.2005).

Finally, because Lang failed to challenge either before the BIA or this Court the IJ's denial of her CAT claim to the extent it was based on her illegal departure, we deem any such argument abandoned. *See Gui Yin Liu v. INS*, 508 F.3d 716, 723 n. 6 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.